1  Lewis E. Hudnell, III (CASBN 218736)
2  **HUDNELL LAW GROUP P.C.**
3  800 W. El Camino Real Suite 180
   Mountain View, California 94040
4  Telephone: 650.564.7720
   Facsimile: 347.772.3034
5  Email: lewis@hudnelllaw.com

6
7  John A. Yates *(Pro Hac Vice[1])*
   jyates@pattersonsheridan.com
8  B. Todd Patterson *(Pro Hac Vice[2])*
   tpatterson@pattersonsheridan.com
9  Kyrie K. Cameron *(Pro Hac Vice[3])*
10 kcameron@pattersonsheridan.com
   Edgar N. Gonzalez *(Pro Hac Vice* forthcoming*)*
11 egonzalez@pattersonsheridan.com
12 Joshua H. Park *(Pro Hac Vice[4])*
   jpark@pattersonsheridan.com
13 **PATTERSON + SHERIDAN LLP**
14 24 Greenway Plaza, Suite 1600
   Houston, Texas 77030
15 Telephone: 713-623-4844
16 Fax: 713-623-4846

17 Attorneys for Defendant
18 VOLVO CAR USA, LLC

19

20

21

22

---

23 [1] Prior case between same parties regarding same patents: *Onscreen Dynamics, LLC v. Volvo Car USA, LLC* C.D.Cal. 2:21-cv-06739-CJC-DFM
24 [2] Prior case between same parties regarding same patents: *Onscreen Dynamics, LLC v. Volvo Car USA, LLC* C.D.Cal. 2:21-cv-06739-CJC-DFM
25
26 [3] Prior case between same parties regarding same patents: *Onscreen Dynamics, LLC v. Volvo Car USA, LLC* C.D.Cal. 2:21-cv-06739-CJC-DFM
27 [4] Prior case between same parties regarding same patents: *Onscreen Dynamics, LLC v. Volvo Car USA, LLC* C.D.Cal. 2:21-cv-06739-CJC-DFM

28 VOLVO'S ANSWER TO COMPLAINT
   FOR PATENT INFRINGEMENT

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| ONSCREEN DYNAMICS, LLC, | Case No.: 2:22-cv-03170-MCS-SHK |
| Plaintiff, | |
| vs. | **ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT** |
| VOLVO CAR USA, LLC, | |
| Defendant. | |

## DEFENDANT VOLVO CAR USA, LLC'S ANSWER TO COMPLAINT

Defendant Volvo Car USA, LLC ("Volvo") files its Answer to the Complaint for Patent Infringement.

## NATURE OF THE ACTION[5]

1.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

**ANSWER:** Volvo admits that the Complaint purports to state an action arising under the patent laws of the United States. Volvo denies the legal sufficiency of Plaintiff's claims against Volvo, denies that Plaintiff has any viable claim for patent infringement against Volvo, and otherwise denies the allegations of Paragraph 1.

## THE PARTIES

2.     Plaintiff is a limited liability company organized under the laws of the State of Delaware with a place of business at 717 N. Union Street, Wilmington, DE, 19805.

**ANSWER:**  Volvo lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies them.

3.     Upon information and belief Volvo is a corporation organized and existing under the laws of Delaware, with a principal place of business located at 1 Volvo Drive, Rockleigh, NJ 07647. Upon information and belief, Volvo sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

---

[5] The headings in the Complaint for Patent Infringement are reproduced herein for the convenience of the Court. To the extent such headings include or infer allegations, they are denied.

**ANSWER:** Volvo admits it is a company organized under the laws of the State of Delaware. Volvo further admits that it offers its products and services throughout the United States, including this judicial district, but otherwise denies the allegations of Paragraph 3.

## JURISIDICTION AND VENUE

4.     This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

**ANSWER:** Volvo admits that the Complaint purports to state an action arising under the patent laws of the United States. Volvo denies the legal sufficiency of Plaintiff's claims against Volvo, denies that Plaintiff has any viable claim for patent infringement against Volvo, and otherwise denies the allegations of Paragraph 4.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b). Volvo maintains an established place of business in the state of California and the Central District of California, specifically including Volvo-owned facilities at 700 Via Alondra, Camarillo, CA 93012 in this District.

**ANSWER:** For purposes of this litigation, Volvo does not contest venue in this District, but denies it has committed, or continues to commit, acts of infringement in this District and otherwise denies the remaining allegations of Paragraph 5.

6.     This Court has personal jurisdiction over Defendant under the laws of California, due at least to its substantial business in California and in this judicial district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in the State of California.

**ANSWER:** For purposes of this litigation, Volvo does not contest personal jurisdiction, but denies it has committed, contributed to, or induced, acts of infringement in this District and otherwise denies the remaining allegations of Paragraph 6.

7.    On information and belief, Defendant is subject to this Court's general and specific personal jurisdiction because Defendant has sufficient minimum contacts within the State of California and this District, pursuant to due process and/or the because Defendant purposefully availed itself of the privileges of conducting business in the State of California and in this District, because Defendant regularly conducts and solicits business within the State of California and within this District, and because Plaintiff's causes of action arise directly from each of Defendant's business contacts and other activities in the State of California and this District. Having purposefully availed itself the privilege of conducting business within this District, Defendant should reasonably and fairly anticipate being brought into court here.

**ANSWER:** For purposes of this litigation, Volvo does not contest general and specific personal jurisdiction and admits that it has sufficient minimum contacts within this District and conducts business in this District, but denies it has committed, contributed to, or induced, acts of infringement in this District and otherwise denies the remaining allegations of Paragraph 7.

8.    Upon information and belief, Defendant has committed acts of infringement within the state of California, as alleged herein

**ANSWER:** Denied.

9.    For the above reasons, personal jurisdiction exists and venue is proper in this Court for Defendant.

**ANSWER:** For purposes of this action, Volvo does not contest personal jurisdiction and does not contest personal jurisdiction in this District.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,395,917

10.    On July 19, 2016, U.S. Patent No. 9,395,917 ("the '917 patent"), entitled "Electronic Display with a Virtual Bezel," was duly and legally issued by the United States Patent and Trademark Office.

**ANSWER:** Volvo admits that, on its face, the '917 Patent is titled "Electronic Display with a Virtual Bezel," and was issued by the United States Patent and Trademark Office, but otherwise denies the remaining allegations of Paragraph 10.

11.    Plaintiff is the assignee and owner of the right, title and interest in and to the '917 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

**ANSWER:** Volvo admits that USPTO PAIR lists an assignment of the '917 patent to the Plaintiff. Volvo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and, therefore, denies the same.

12.    The '917 patent is valid and enforceable. A true and correct copy of the '917 patent is attached as Exhibit A.

**ANSWER:** Volvo admits that Exhibit A to the Complaint appears to be a copy of the asserted '917 patent, but denies the '917 patent is valid and enforceable.

13.    The '917 patent includes 17 claims ('917 patent, Ex. A at 9:43-12:21.)

**ANSWER:** Volvo admits that the '917 patent appears to include 17 claims.

14.    The '917 patent describes methods and devices that incorporate a virtual bezel as part of the touchscreen display on an electronic device. ('917 patent, Ex. A at 1:53-55). As the '917 patent describes, "an electronic device is provided comprising a touchscreen display with at least two components, a primary touchscreen display area capable of processing a first set of touch-based inputs from a user of the electric device, and a secondary touchscreen display area which can be called a 'virtual bezel' since it may be used to prevent any unintended touch of a

user's hand with the touchscreen display, avoiding an unexpected interaction." ('917 patent, Ex. A at 2:6-15).

**ANSWER:** Admitted as to language quoted from the patent; denied as to any deviation from the language of the patent, or any attempt to redefine or editorialize regarding the meaning of the patent's language.

15. The inventions of the '917 patent resolve technical problems related to how to prevent unintended registering of touching of a touchscreen electronic display, and thereby avoid unintended actions. Those problems also included placing components and controls, for example a camera, a speaker, or sensors to avoid obstruction of the content on the touchscreen display. Those problems further included increasing or maximizing display area while providing functionality of a physical bezel. *See, e.g.*, '917 patent at 1:21–59.





Figure 10

**ANSWER:** Admitted as to any language quoted and figure copied from the patent; denied as to any deviation from the language of the patent, or any attempt to redefine or editorialize regarding the meaning of the patent's language.

16. In order to improve maximum possible touchscreen display that could be available to the user for viewing display content and for interaction the electronic device, the '917 patent describes an electronic device with a touchscreen display comprising an active touchscreen region and a virtual bezel area. Wherein the active touchscreen region functions to process a first set of touch-based inputs from a user of the electronic device according to a first mode of operation, and the virtual bezel area function to process a second set of touch-based inputs from a user of the electronic device according to a second mode of operation. ('917 patent, Ex. A at Abstract.)

**ANSWER:** Admitted as to any language quoted from the patent; denied as to any deviation from the language of the patent, or any attempt to redefine or editorialize regarding the meaning of the patent's language.

17. Among the specific technological improvements to devices and methods for electronic devices with a touchscreen display, the '917 patent describes systems and methods that provide touchscreen display having a virtual bezel for electronic devices. ('917 patent, Ex. A at 1:14-17).

**ANSWER:** Admitted as to any language quoted from the patent; denied as to any deviation from the language of the patent, or any attempt to redefine or editorialize regarding the meaning of the patent's language.

18. The claimed elements and claimed combinations of the '917 patent describes devices, systems, and methods that provide a touchscreen display having a virtual bezel for electronic devices that were not well-understood, routine, and conventional to a skilled artisan in the relevant field.

**ANSWER:** Denied.

## THE 9,645,663 PATENT

19.     On May 9, 2017, U.S. Patent No. 9,645,663 ("the '663 patent"), entitled "Electronic Display with a Virtual Bezel," was duly and legally issued by the United States Patent and Trademark Office.

**ANSWER:** Volvo admits that, on its face, the '663 Patent is titled "Electronic Display with a Virtual Bezel," and was issued by the United States Patent and Trademark Office, but otherwise denies the remaining allegations of Paragraph 19.

20.     Plaintiff is the assignee and owner of the right, title and interest in and to the '663 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

**ANSWER:** Volvo admits that USPTO PAIR lists an assignment of the '663 patent to the Plaintiff. Volvo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20 and, therefore, denies the same.

21.     The '663 patent is valid and enforceable. A true correct copy of the '663 patent is attached hereto as Exhibit B.

**ANSWER:** Volvo admits that Exhibit B to the Complaint appears to be a copy of the asserted '663 patent, but denies the '663 patent is valid and enforceable.

22.     The '663 patent includes 18 claims. ('633 patent, Ex. B. at 9:55-12:45.)

**ANSWER:** Volvo admits that the '663 patent appears to include 18 claims.

23.     The '633 patent describes devises, systems, and methods for providing a touchscreen display having a virtual bezel for electronic devices. ('633 patent, Ex. B. at 1:15-20.) As the '633 patent describes the inventions of the '633 patent resolve technical problems related to how to prevent unintended registering of touching of a touchscreen electronic display, and thereby avoiding unintended actions. Those problems also included placing components and controls, for example a camera, a speaker, or sensors to avoid obstruction of the content of the touchscreen display.

Those problems further included increasing or maximizing display area while providing functionality of a physical bezel. *See, e.g.*, '633 patent at 1:21-59.

**ANSWER:** Admitted as to any language quoted from the patent; denied as to any deviation from the language of the patent, or any attempt to redefine or editorialize regarding the meaning of the patent's language.

24.    Among the specific technology improvements to devices utilizing the vertical bezels, the '633 patent describes an active touchscreen region of the display screen having a first set of touch-based inputs from the user of the electronic device and a virtual bezel region along one or more edges of the display screen and adjacent to the active screen region, the virtual bezel region having a touchscreen layer with a second mode of response to a second set of touch-based inputs from the user of the electronic device. ('633 patent, Ex. B at 9:55-10:15).

**ANSWER:** Admitted as to any language quoted from the patent; denied as to any deviation from the language of the patent, or any attempt to redefine or editorialize regarding the meaning of the patent's language.

25.    The claimed elements and claimed combinations of the '633 patent were not well-understood, routine, and conventional to a skilled artisan in the relevant field.

**ANSWER:** Denied.

## ONSCREEN'S CLAIMS ARE PATENT ELIGIBLE

26.    The claims in both of the asserted patent are directed to patent eligible subject matter.

**ANSWER:** Denied.

27.    The asserted patents are directed to providing to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs. Moreover, the prior art includes touch screen displays, yet the claims of the asserted

patents were deemed novel and non-obvious, demonstrating (among other reasons) the non-conventionality of the technology described and claimed in the asserted patents.

**ANSWER:** Denied.

28.    The technological improvements described and claimed in the asserted patents were not conventional or generic at the time of their invention, but rather required novel and non-obvious solutions to problems and shortcomings in the art at the time. *See, e.g.*, '917 patent at 1:21-9:41. *See also, e.g.*, '663 patent, Ex. B at 1:21-9:41.

**ANSWER:** Denied.

29.    The inventions claimed in the asserted patents cover more than just the performance of well-understood, routine or conventional activities known in the art. *See, e.g.*, '917 patent at 1:21-9:41. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs. *See also, e.g.*, '663 patent, Ex. B at 1:21-9:41.

**ANSWER:** Denied.

30.    The asserted patent claims inventions that provide technological solutions to technological problems. The written description of the asserted patents describes in technical detail each of the elements of the claims, including a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

**ANSWER:** Denied.

31.    Each of the claims of the asserted patents capture the improvements described and illustrated in the specification. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen

region, both of which display portions of content but have different modes of response to certain touch-based inputs. For further example, claim 1 of the '663 patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

**ANSWER:** Admitted as to any language quoted from the patent; denied as to any deviation from the language of the patent, or any attempt to redefine or editorialize regarding the meaning of the patent's language.

32.    The written description describes the elements of the claims such that persons of ordinary skill in the art understand what the claims cover and how the non-conventional and nongeneric combination of claim elements differ markedly from and improved upon the art. *See, e.g.*, '917 patent at 1:21-9:41. For example, claim 1 of the '917 patent is directed to a display screen having a bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs. *See also, e.g.*, '663 patent at 1:21-9:41.

**ANSWER:** Denied.

33.    Technology leaders including Microsoft Technology Licensing LLC, Amazon Technologies, Inc., Samsung Electronics Co., Ltd., and the USPTO have cited the '917 patent as a reference over 20 times. See https://patents.google.com/patent/US9395917B2/en (last accessed April 13, 2021); 37 CFR 1.104, Nature of Examination ("the examiner must cite the best references at his or her command.").

**ANSWER:** Volvo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 33 and, therefore, denies the same.

34.    Viewed in light of the specification of the asserted patents, the claims are not directed to basic tools of scientific and technological work, nor are they directed to a fundamental economic practice. *See, e.g.*, '917 patent at 1:21-12:21. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs. For further example, claim 1 of the '663 patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs. *See, e.g.*, '663 patent at 1:21-12:44.

**ANSWER:** Denied.

35.    The claims of the asserted patents are not directed to the use of an abstract mathematical formula. *See, e.g.*, '917 patent at 1:21-12:21. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs. For further example, claim 1 of the '663 patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs. *See, e.g.*, '663 patent at 1:21-12:44.

**ANSWER:** Denied.

36.    The claims of the asserted patents are not directed to the use of a general-purpose computer. *See, e.g.*, '917 patent at 1:21-12:21. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs. For further example, claim 1 of the '663 patent is directed to a display screen having a virtual bezel region

and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs. *See, e.g.*, '663 patent at 1:21-12:44.

**ANSWER:** Denied.

37.    The claims of the asserted patents are not directed to implementation of a mathematical formula. *See, e.g.*, '917 patent at col. 1:21-12:21. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs. For further example, claim 1 of the '663 patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs. *See, e.g.*, '663 patent at 1:21-12:44.

**ANSWER:** Denied.

38.    The claims of the asserted patents are not directed to generalized steps to be performed on a computer using conventional activity. *See, e.g.*, '917 patent at 1:21-12:21. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs. For further example, claim 1 of the '663 patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs. *See, e.g.*, '663 patent at 1:21-12:44.

**ANSWER:** Denied.

39.    The claims of the asserted patents are not directed to a method of organizing human activity or to a fundamental economic practice long prevalent in our system of commerce. *See, e.g.*, '917 patent at 1:21-12:21. For example, claim 1

of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

**ANSWER:** Denied.

40.    The claims of the asserted patents do not take a well-known or established business method or process and apply it to, or using, a general-purpose computer. *See, e.g.*, '917 patent at 1:21-12:21. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs. For further example, claim 1 of the '663 patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs. *See, e.g.*, '663 patent at 1:21-12:44.

**ANSWER:** Denied.

41.    The claims of the asserted patent do not preempt the field of their inventions or preclude the use of other methods and systems because the claims recite specific elements that include more than the performance of well-understood, routine, and conventional activities previously known to the art. *See, e.g.,* '917 patent at 1:21-12:21. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs. For further example, claim 1 of the '663 patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs. *See, e.g.*, '663 patent at 1:21-12:44.

**ANSWER:** Denied.

42.    The technologies claimed in the asserted patents do not preempt all ways of using location tracking system technology or sensor system technology, nor preempt the use of any well-known location tracking technology or sensor system technology, nor preempt any other well-known or prior art technology.

**ANSWER:** Denied.

43.    The asserted patent claims are not directed to any "method of organizing human activity," "fundamental economic practice long prevalent in our system of commerce," nor "a building block of the modern economy."

**ANSWER:** Denied.

44.    The patents in suit do not take a well-known or established business method or process and apply it to a general-purpose computer. Instead, the specific systems and processes described in the asserted patents have no direct corollary to a process that predates the advent of the Internet.

**ANSWER:** Denied.

45.    The asserted patent claims in both patents in suit are directed toward solutions rooted in computer technology and directed to technologies, unique to computers and sensor technology systems, to overcome problems specifically arising in the realm of computerized location tracking and sensor system technologies.

**ANSWER:** Denied.

46.    The asserted patent claims are not directed at a mere mathematical relationship or formula.

**ANSWER:** Denied.

47.    The asserted patent claims cannot be performed by a human, in the human mind, or by pen and paper.

**ANSWER:** Denied.

48.    Accordingly, each claim of the patents in suit recites a combination of elements sufficient to ensure that each claim in practice, amounts to significantly more than a claim to an ineligible concept.

**ANSWER:** Denied.

<u>**ONSCREEN'S PATENT LITIGATION HISTORY**</u>

49.    The '917 and/or '663 patents were previously subject to federal court litigation in Onscreen Dynamics, LLC v. Pioneer POS Solutions, Inc. CDCA-2-21-cv-03181 (terminated in December 20, 2021); Onscreen Dynamics, LLC v. Volvo Car USA, LLC, CDCA-2-21-cv-06739 (terminated in November 24, 2021); Onscreen Dynamics, LLC v., BMW of North America, LLC, CDCA-2-21-cv-06796 (terminated in November 15, 2021); Onscreen Dynamics LLC v. Tesla, Inv. f/k/a Tesla Motors, Inc., CDCA-2-21-cv-06797 (terminated November 12, 2021); Onscreen Dynamics LLC v. Partner Tech USA, Inc., CDCA-8-21-cv-00686 (terminated August 5, 2021); Onscreen Dynamics LLC v. LG Electronics, Inc. et al, EDTX-4-18-cv-00267 (terminated in November 20, 2018); Onscreen Dynamics LLC v. Samsung Electronics Co., Ltd. et al, EDTX-4-18-cv-00268 (terminated on November 19, 2018); Onscreen Dynamics LLC v. ASUSTek Computer Inc. et al, NDCA-4-20-cv (terminated on January 22, 2021); Onscreen Dynamics LLC v. Sharp Corporation et al, NDCA-4-20-cv-05555 (terminated on March 23, 2021); Onscreen Dynamics LLC v. Elo Touch Solutions, Inc. NDCA-4-20-cv-06322 (terminated on December 7. 2020); Onscreen Dynamics LLC v. EMBROSS North America, Ltd., WDTX-6-20-cv-00874 (terminated on December 28, 2020); Onscreen Dynamics LLC v. Getac Technology Corporation, WDTX-6-20-cv00875 (terminated on April 14, 2022); Onscreen Dynamics LLC v. Avis Budget Group, Inc., WDTX-6-22-cv-00222; and Onscreen Dynamics LLC v. Hertz Vehicles, LLC, WDTX-6-33-cv-00231.

**ANSWER:** Volvo admits that the listed cases seem to include assertions of the '917 and/or '663 patents. Volvo lacks sufficient information and belief with which to admit or deny the remaining allegations set forth in Paragraph 49 of the Complaint, and on that basis denies them.

## PRE-SUIT COMMUNICATIONS BETWEEN THE PARTIES

50. On August 19, 2021 Onscreen Dynamics, LLC filed a complaint against Volvo Car USA, LLC. Volvo has actual knowledge of Plaintiff's patent rights, Volvo Car USA, LLC has continued to commit acts of infringement and have failed to cease their infringing activities.

**ANSWER:** Volvo admits that Onscreen Dynamics, LLC filed a complaint against Volvo on August 19, 2021 in which Onscreen Dynamics asserted patents that were unenforceable for failure to pay maintenance fees. Volvo denies the remaining allegations of Paragraph 50.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,395,917

51. The allegations set forth in the foregoing paragraphs 1 through 50 are incorporated into this Second Claim for Relief.

**ANSWER:** Volvo repeats and realleges its responses to Paragraphs 1 through 50, inclusive, of the Complaint.

52. Upon information and belief, Defendant has and continues to directly infringe at least claims 1-3 of the '917 patent under 35 U.S.C. § 271(a) by making, using, selling, importing and/or providing and causing to be used vehicles with electronic devices having touchscreen capabilities, including the use of a virtual bezel (the "Accused Instrumentalities"), as set forth in detail in the attached preliminary and exemplary claim charts provided in Exhibit C.

**ANSWER:** Denied.

53. The Accused Instrumentalities identified in Exhibit C are examples that were identified based on publicly available information. Plaintiff reserves its right

to identify additional infringing activities, products, and services, including, for example, on the basis of information obtained during discovery as Defendant introduces new infringing devices through the end of trial.

**ANSWER:** Volvo admits at least some of the information cited in Exhibit C is based on publically available information.

54. The Accused Instrumentalities include a display screen having a virtual bezel suitable for use as part of an electronic device where the display screen includes: (a) a virtual bezel area, having a touchscreen layer with a first mode of response to a first set of touch-based inputs from a user of the display screen, the virtual bezel area functioning to display a first portion of content on the display screen; (b) an active touchscreen region substantially disposed within the virtual bezel area, the active touchscreen region having a touchscreen layer with a second mode of response to the first set of touch-based inputs from the user of the display screen, the active touchscreen region functioning to display a second portion of the content on the display screen; and (c) a gestural software application in communication with the display screen having a virtual bezel, the gestural software application functioning to produce the first mode of response in the virtual bezel area, wherein the first mode of response is configured to selectively interpret touch-based inputs as intentional user input intended to affect the display of the second portion of the content on the active touchscreen region. *See* attached claim chart for the '917 patent, Exhibit C.

**ANSWER:** Denied.

55. On information and belief, these Accused Instrumentalities are used marketed, provided to, and/or used by or for each of Defendant's partners, clients, customers, and end users across the country and in this District.

**ANSWER:** Volvo admits that it sells vehicles which may incorporate the Accused Instrumentalities, but denies the remaining allegations of Paragraph 55.

56.    Upon information and belief, since Volvo had knowledge of the '917 patent, Volvo has induced and continues to induce others to infringe at least claims 1-3 of the '917 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Volvo's partners and customers, whose use of the Accused Instrumentalities constitutes direct infringement of at least claims 1-3 of the '917 patent.

**ANSWER:** Denied.

57.    In particular, Volvo's actions that aid and abet others such as their partners and customers to infringe include distributing the Accused Instrumentalities and providing materials and/or services related to the Accused Instrumentalities. On information and belief, Volvo has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because the Volvo has had actual knowledge of the '917 patent and that its acts were inducing infringement of the '917 patent since Volvo has had knowledge of the '917 patent.

**ANSWER:** Denied.

58.    Upon information and belief, since Volvo had knowledge of the '917 patent, Defendant is liable as a contributory infringer of the '917 patent under 35 U.S.C § 1(c) by offering to sell, selling and importing into the United States electronic device with the display screen technology including the Accused Instrumentalities especially made or adapted for use in an infringement of the '917 patent. The Accused Instrumentalities are material components for use in practicing the '917 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

**ANSWER:** Denied.

59.    On information and belief, since Volvo had knowledge of the '917 patent, Volvo's infringement has been and continues to be willful.

VOLVO'S ANSWER TO COMPLAINT
FOR PATENT INFRINGEMENT                19

1   **ANSWER:** Denied.

2   60.   Plaintiff has been harmed by Defendant's infringing activities

3   regarding the '917 patent.

4   **ANSWER:** Denied.

5   **COUNT II – INFRINGEMENT OF U.S. PATENT NO. 9,645,663**

6   61.   The allegations set forth in the foregoing paragraphs 1 through 60 are

7   incorporated into this Second Claim for Relief.

8   **ANSWER:** Volvo repeats and realleges its responses to Paragraphs 1 through

9   61, inclusive, of the Complaint.

10   62.   Upon information and belief, Defendant has and continues to directly

11   infringe at least claims 1-2 of the '663 patent under 35 U.S.C. § 271(a) by making,

12   using, selling, importing and/or providing and causing to be used vehicles with

13   electronic devices having touchscreen capabilities, including the use of a virtual

14   bezel (the "Accused Instrumentalities"), as set forth in detail in the attached

15   preliminary and exemplary claim charts provided in Exhibit D.

16   **ANSWER:** Denied.

17   63.   The Accused Instrumentalities identified in Exhibit D are examples that

18   were identified based on publicly available information. Plaintiff reserves its right

19   to identify additional infringing activities, products, and services, including, for

20   example, on the basis of information obtained during discovery and as Defendant

21   introduces new infringing devices through the end of trial.

22   **ANSWER:** Volvo admits at least some of the information cited in Exhibit D

23   is based on publically available information.

24   64.   The Accused Instrumentalities include electronic devices having a

25   display system, the display system including: (a) an active touchscreen region having

26   a touchscreen layer with a first mode of response to touch-based inputs from a user

27   of the electronic device, the active touchscreen region configured to display a first

28

VOLVO'S ANSWER TO COMPLAINT
FOR PATENT INFRINGEMENT          20

portion of the content on the virtual bezel display screen; (b) a virtual bezel region along one or more edges of the display screen and adjacent to the active touchscreen region, the virtual bezel region having a touchscreen layer with a second mode of response to touch-based inputs from a user of the electronic device, the virtual bezel region configured to display a second portion of content on the display screen; and (c) non-transitory memory storing a gestural software application in communication with the display screen; wherein the second mode of response is configured to selectively interpret touch-based inputs as intentional user input intended to affect the display of the first portion of the content on the active touchscreen region of the display screen. See attached claim chart for the '663 patent, Exhibit D.

**ANSWER:** Denied.

65.    On information and belief, these Accused Instrumentalities are used marketed, provided to, and/or used by or for each of Defendant's partners, clients, customers, and end users across the country and in this District.

**ANSWER:** Volvo admits that it sells vehicles which may incorporate the Accused Instrumentalities, but denies the remaining allegations of Paragraph 65.

66.    Upon information and belief, since Volvo had knowledge of the '663 patent, Volvo has induced and continues to induce others to infringe at least claims 1-2 of the '663 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Volvo's partners and customers, whose use of the Accused Instrumentalities constitutes direct infringement of at least claims 1-2 of the '663 patent.

**ANSWER:** Denied.

67.    In particular, Volvo's actions that aid and abet others such as their partners and customers to infringe include distributing the Accused Instrumentalities and providing materials and/or services related to the Accused Instrumentalities. On

information and belief, Volvo has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because the Volvo has had actual knowledge of the '663 patent and that its act were inducing infringement of the '663 patent since Volvo has had actual knowledge of the '663 patent.

**ANSWER:** Denied.

68.  Upon information and belief, since Volvo had knowledge of the '663 patent, Defendant is liable as a contributing infringer of the '663 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States electronic device with the display screen technology including the Accused especially made or adapted for use in an infringement of the '663 patent. The Accused Instrumentalities are material components for use in practicing the '663 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

**ANSWER:** Denied.

69.  On information and belief, since Volvo had knowledge of the '663 patent, Volvo's infringement has been and continues to be willful.

**ANSWER:** Denied.

70.  Plaintiff has been harmed by Defendant's infringing activities regarding the '663 patent.

**ANSWER:** Denied.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

**ANSWER:** Plaintiff's jury demand requires no response. To the extent a response is required, Volvo requests a jury trial of all issues in this action so triable.

## PRAYER FOR RELIEF

The Complaint for Patent Infringement recites a Prayer for Relief for which no response is required. To the extent an answer is required, Volvo denies that Plaintiff is entitled to any remedy or relief.

## GENERAL DENIAL

Volvo denies that Plaintiff is entitled to any remedy or relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

Further answering the Complaint, Volvo alleges the following Defenses and Affirmative Defenses. Volvo reserves the right to amend its Answer and add additional Defenses and Affirmative Defenses.

### FIRST DEFENSE
### (Non-Infringement)

Volvo does not infringe and has not infringed any valid and enforceable claim of the '917 or '663 patents, either literally or under the doctrine of equivalents, by direct, contributory, or induced infringement, willfully or otherwise.

### SECOND DEFENSE
### (Invalidity)

The claims of the '917 or '663 patents are invalid for failure to satisfy one or more of the conditions and requirements for patentability set forth in 35 U.S.C. §§ 101 et seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, 135, 256, 282, and/or 287, or under the judicially created doctrines of invalidity or unenforceability.

### THIRD DEFENSE
### (No Willful Infringement)

Volvo has not and does not willfully infringe any valid and enforceable claim of the '917 or '663 patents.

**FOURTH DEFENSE**
**(No Damages)**

Plaintiff is not entitled to any damages for the purported infringement of the claims of the '917 or '663 patents pursuant to 35 U.S.C. §§ 284 and 287, including, but not limited to, any interest or treble damages.

**FIFTH DEFENSE**
**(No Exceptional Case)**

Volvo's actions in defending this case do not give rise to an exceptional case in Plaintiff's favor under 35 U.S.C. § 285.

**SIXTH DEFENSE**
**(Doctrine of Equivalents and Prosecution History Estoppel)**

Plaintiff's claims are barred under the doctrine of prosecution history estoppel from asserting any scope of the '917 or '663 Patents that would cover the accused products because of statements and amendments made during prosecution of the application that led to the '917 or '663 Patents.

**SEVENTH DEFENSE**
**(Relief Not In The Public Interest)**

The relief sought by Plaintiff does not and would not further public interest, and there are strong public reasons for denying Plaintiff the relief sought.

**EIGHTH DEFENSE**
**(Limitations on Damages per 35 U.S.C. § 287)**

Any claim for damages for patent infringement is limited by 35 U.S.C. § 287 to only those damages occurring after Plaintiff's notice of infringement.

**NINTH DEFENSE**
**(Reservation of Additional Affirmative Defenses)**

Volvo presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unstated, affirmative defenses.

As such, Volvo reserves the right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses are appropriate.

## EXCEPTIONAL CASE

Plaintiff has, in bad faith, knowingly undertaken to enforce the '917 or '663 patents against Volvo while knowing that the '917 or '663 patents are either unenforceable, invalid, or not infringed. Based upon the foregoing conduct of Plaintiff, this is an exceptional case under 35 U.S.C. § 285. As a result of Plaintiff's conduct, as alleged above, Volvo is entitled to recover attorney's fees.

## DEMAND FOR JURY TRIAL

Volvo requests a jury trial on all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Volvo requests the following relief:

a) That all claims against Volvo be dismissed with prejudice and that all relief requested by Plaintiff be denied;

b) That a judgment be entered declaring that Volvo has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '917 and '663 patents, either literally or under the doctrine of equivalents;

c) That a judgment be entered declaring that the claims of the '917 and '663 patents are invalid and/or unenforceable for failure to comply with the statutory provisions of Title 35 of the United States Code, including without limitation, one or more of sections 101, 102, 103, 111, 112, 116, 135, 256, 282, and 287, or other judicially-created bases for invalidation and unenforceability; and

d) That a judgment be entered that this case is exceptional under 35 U.S.C. § 285, and accordingly that Volvo is entitled to recover reasonable attorneys'

fees and costs upon prevailing in this action; and that Volvo be awarded such other relief that the Court deems just and equitable, or which the Court deems necessary and proper.

DATED: June 3, 2022                    Respectfully submitted,

                                       */s/Lewis E. Hudnell, III*
                                       Lewis E. Hudnell, III (CASBN 218736)
                                       HUDNELL LAW GROUP P.C.
                                       800 W. El Camino Real Suite 180
                                       Mountain View, California 94040
                                       Telephone: 650.564.7720
                                       Facsimile: 347.772.3034
                                       Email: lewis@hudnelllaw.com

                                       John A. Yates *(Pro Hac Vice[6])*
                                       jyates@pattersonsheridan.com
                                       B. Todd Patterson *(Pro Hac Vice[7])*
                                       tpatterson@pattersonsheridan.com
                                       Kyrie K. Cameron *(Pro Hac Vice[8])*
                                       kcameron@pattersonsheridan.com
                                       Edgar N. Gonzalez *(Pro Hac Vice forthcoming)*
                                       egonzalez@pattersonsheridan.com
                                       Joshua H. Park *(Pro Hac Vice[9])*
                                       jpark@pattersonsheridan.com
                                       **PATTERSON + SHERIDAN LLP**
                                       24 Greenway Plaza, Suite 1600
                                       Houston, Texas 77030

---

[6] Prior case between same parties regarding same patents: *Onscreen Dynamics, LLC v. Volvo Car USA, LLC* C.D.Cal. 2:21-cv-06739-CJC-DFM
[7] Prior case between same parties regarding same patents: *Onscreen Dynamics, LLC v. Volvo Car USA, LLC* C.D.Cal. 2:21-cv-06739-CJC-DFM
[8] Prior case between same parties regarding same patents: *Onscreen Dynamics, LLC v. Volvo Car USA, LLC* C.D.Cal. 2:21-cv-06739-CJC-DFM
[9] Prior case between same parties regarding same patents: *Onscreen Dynamics, LLC v. Volvo Car USA, LLC* C.D.Cal. 2:21-cv-06739-CJC-DFM

Telephone: 713-623-4844
Fax: 713-623-4846
Attorneys for Defendant
VOLVO CAR USA, LLC

VOLVO'S ANSWER TO COMPLAINT
FOR PATENT INFRINGEMENT            27