ALEX CHAN (SBN 278805)
PATRICK R. DELANEY (*pro hac vice*)
DEVLIN LAW FIRM LLC
16219 Flamstead Drive
Hacienda Heights, CA 91745
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

DAVID M. NEWMAN (SBN 246351)
THE INTERNET LAW GROUP
9100 Wilshire Boulevard, Suite 725 E
Beverly Hills, California 90212
Telephone: (310) 910-1496
Facsimile: (310) 356-3257

*Attorneys for Plaintiff*
ONSCREEN DYNAMICS, LLC

Lewis E. Hudnell, III (CASBN 218736)
HUDNELL LAW GROUP P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
Telephone: 650.564.7720
Facsimile: 347.772.3034
Email: lewis@hudnelllaw.com

John A. Yates (*pro hac vice*)
jyates@pattersonsheridan.com
B. Todd Patterson (*pro hac vice*)
tpatterson@pattersonsheridan.com
Kyrie K. Cameron (*pro hac vice*)
kcameron@pattersonsheridan.com
Edgar N. Gonzalez (*pro hac vice*)
egonzalez@pattersonsheridan.com
PATTERSON + SHERIDAN LLP
24 Greenway Plaza, Suite 1600
Houston, Texas 77030
Telephone: 713-623-4844
Fax: 713-623-4846

*Attorneys for Defendant*
VOLVO CAR USA, LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ONSCREEN DYNAMICS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>VOLVO CAR USA, LLC,<br><br>    Defendant. | Case No.: 2:22-cv-3170-MCS-SHK<br><br>**JOINT RULE 26(F) REPORT & PROPOSED SCHEDULING ORDER**<br><br>**SCHEDULING CONFERENCE**<br>**DATE:** AUGUST 1, 2022<br>**TIME:** 10:00 AM<br>**COURTROOM:** 7C |

JOINT RULE 26(F) REPORT AND PROPOSED SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Plaintiff Onscreen Dynamics LLC (or "Onscreen") and Defendant Volvo Car USA, LLC (or "Volvo") (collectively, the "parties"), jointly submit this Rule 26(f) Joint Report.

Pursuant to Rule 26(f), the parties held the Rule 26(f) conference telephonically on July 5, 2022, which was attended by the following attorneys: Patrick R. Delaney of Devlin Law Firm LLC on behalf of Plaintiff Onscreen Dynamics LLC; and B. Todd Patterson and Kyrie K. Cameron, both of Patterson and Sheridan LLP, on behalf of Defendant Volvo Car USA LLC.

The parties respectfully request that the Court enter a Scheduling Order in this matter without requiring the appearance of the parties at a hearing.

**A.   STATEMENT OF THE CASE: CLAIMS & DEFENSES**

**Onscreen's Claims:** In its Complaint (D.I. 1), Onscreen asserts four claims for relief against Volvo in both of two separate counts based respectively on U.S. Patent No. 9,395,917 ("the '917 patent") (Count I) and U.S. Patent No. 9,645,663 ("the '663 patent") (Count II) (collectively, the "asserted patents", the "patents in suit" or the "Onscreen patents"): (a) direct infringement under 35 U.S.C. § 271(a); (b) induced infringement under 35 U.S.C. § 271(b); (c) contributory infringement under 35 U.S.C. § 271(c); and (d) willful infringement.

**Volvo's Defenses:** As set forth in Volvo's Answer (D.I. 29), Volvo denies that Onscreen is entitled to relief as to any of the claims asserted in the Complaint on either patent in suit, and more particularly has asserted the following defenses to the claims enumerated above:  (1) Volvo alleges it does not infringe and has not infringed any valid and enforceable claim of the '917 or '663 patents, either literally or under the doctrine of equivalents, by direct, contributory, or induced infringement, willfully or otherwise;  (2) Volvo alleges the claims of the '917 or '663 patents are invalid;  (3) Volvo alleges it has not and does not willfully infringe any valid and enforceable claim of the '917 or '663 patents;  (4) Volvo

alleges that Onscreen is not entitled to any damages for infringement of the claims of the '917 or '663 patents pursuant to 35 U.S.C. §§ 284 and 287, including, but not limited to, any interest or treble damages; (5) Volvo alleges its actions in defending this case do not give rise to an exceptional case in Onscreen's favor under 35 U.S.C. § 285; (6) Volvo alleges Onscreen's claims are barred under the doctrine of prosecution history estoppel; (7) Volvo alleges the relief sought by Onscreen does not and would not further public interest; and (8) Volvo alleges that any claim for damages for patent infringement is limited by 35 U.S.C. § 287 to only those damages occurring after Onscreen's notice of infringement. Volvo does not raise any counterclaims but does allege this is an exceptional case under 35 U.S.C. § 285.

**B.     SUBJECT MATTER JURISDICTION**

Onscreen asserts in its Complaint, and Defendant has admitted in its Answer, that this is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code. The claim for patent infringement arises under the Patent Act, 35 U.S.C. § 101 et seq. This Court has federal question jurisdiction over the subject matter of the patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338 and 35 U.S.C. §281. There are no state law claims at issue.

**C.     LEGAL ISSUES**

The key legal issues, including any unusual substantive, procedural or evidentiary issues, are as follows:

As to Onscreen:

1.     Whether Volvo has directly infringed Onscreen's patents under 35 U.S.C. § 271(a) by making, using, selling, importing and/or providing and causing to be used vehicles with electronic devices having touchscreen capabilities, including the use of a virtual bezel (the "Accused Instrumentalities").

2.  Whether Volvo has induced and continues to induce others to infringe Onscreen's patents under 35 U.S.C. § 271(b) by actively aiding and abetting others to infringe, including but not limited to Volvo's partners and customers, whose use of the Accused Instrumentalities constitutes direct infringement.

3.  Whether Volvo is liable as a contributory infringer under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States electronic devices with the display screen technology including the Accused Instrumentalities especially made or adapted for use in infringing the Onscreen patents.

4.  Whether Volvo's infringement has been and continues to be willful.

As to Volvo:

5.  Whether Onscreen's patents are invalid for failure to satisfy one or more of the conditions and requirements for patentability set forth in 35 U.S.C. §§ 101 et seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, 135, 256, 282, and/or 287, or under the judicially created doctrines of invalidity or unenforceability.

6.  Whether Plaintiff has, in bad faith, knowingly undertaken to enforce the '917 or '663 patents against Volvo while knowing that the '917 or '663 patents are either unenforceable, invalid, or not infringed such that this is an exceptional case under 35 U.S.C. § 285.

D.  **PARTIES, EVIDENCE, ETC.:**

   **1.  List of Current and Potential Parties**

   a.  Plaintiff:  The sole Plaintiff to the complaint is Onscreen Dynamics LLC.  This entity has no subsidiaries, parents or affiliates.

   b.  Defendant(s):  The complaint presently names Volvo Car USA LLC as the only Defendant.  Volvo Cars of North America, LLC, is the parent of Volvo Car USA LLC; and Volvo Car Corporation, is the parent of Volvo Cars of North America, LLC. Volvo Car Corporation is ultimately owned by Zhejiang Geely Holding Group Co., Ltd.

     c.    Potential Defendants: Counsel for Volvo has notified Onscreen of the potential existence of a vendor that may be a necessary party to the litigation. As of this writing, the vendor entity has not yet been specifically identified.

     d.    Possible Joinder Of Additional Parties

Onscreen is presently meeting and conferring with Volvo, requesting that they stipulate to a proposed order allowing Onscreen to file a first amended complaint adding the unidentified vendor as a defendant, in the event such vendor exists and should be added to the present case.

**2.    List of Percipient Witnesses**

As to Onscreen, there are no percipient witnesses that are known presently as substantive discovery has not yet been exchanged.

As to Volvo, there are no percipient witnesses that are known presently as substantive discovery has not yet been exchanged.

**3.    Key documents on the Main Issues in the Case**

As to Onscreen, the known key documents presently include:

     a.    Volvo's operational documents showing the development, design, manufacturing and distribution of the Accused Instrumentalities; and

     b.    Volvo's operational documents showing the marketing, sales and profits associated with the Accused Instrumentalities.

As to Volvo, the known key documents presently include:

     c.    Prior art documents to Onscreen's patents;

     d.    Documents sufficient to show Volvo's reasonable attorney fees and costs; and

     e.    Onscreen's licenses related to the Onscreen's patents.

**E.    DAMAGES**

Onscreen's "realistic range of provable" damages is not yet within its knowledge because Volvo has not yet provided Onscreen with any information

concerning their activities, including without limitation the number of sales and amount of profits collected.

Onscreen's best estimate is that damages will include at least:

    a.    Disgorgement and/or restitution of Volvo's profits, including at a minimum a reasonable patent and/or other royalty, in the estimated amount of $10,000 to $100,000 for each month their relevant business has operated after Volvo had notice of Onscreen's patents;

    b.    Treble damages for patent infringement under 35 U.S.C. § 284; and

    c.    An award to Onscreen of its attorney fees, expenses and costs incurred in this action, estimated to well exceed $200,000.

Volvo's best estimate that its damages will include at least:

    d.    Volvo's reasonable attorney fees and costs.

**F.    INSURANCE**

The parties are not presently aware of any insurance coverage.

**G.    MOTIONS**

**By Plaintiff**: Onscreen anticipates filing the following motions:

    a.    Motion to file a First Amended Complaint adding the defendant and allegations summarized above in Section D(1)(c); and

    b.    Motion for summary judgment and/or summary adjudication, including as to the infringement of some of all of the intellectual property which Onscreen alleges in the Complaint.

**By Defendant**: Volvo anticipates filing the following motions:

    c.    Motion for summary judgment and/or summary adjudication, including as to the invalidity of Onscreen's patents and/or Volvo's non-infringement of Onscreen's patents; and

    d.    Motion for attorney fees based on the exceptional nature of Onscreen's Complaint.

## H. DISPOSITIVE MOTIONS

The issues or claims that Onscreen believes may be determined by motion for summary judgment and/or summary adjudication include:

That Volvo has infringed on the Onscreen patents by operating a business manufacturing and selling the Accused Instrumentalities.

The issues or claims that Volvo believes may be determined by motion for summary judgment and/or summary adjudication include:

That Onscreen's patents are invalid.

That Volvo has not infringed the Onscreen patents.

## I. MANUAL FOR COMPLEX LITIGATION

The parties agree that the matter is not complex and based on the assumption that discovery will proceed smoothly under the regular federal rules, the parties do not foresee that any or part of the procedures of the Manual for Complex Litigation should be utilized.

## J. STATUS OF DISCOVERY

### 1. Initial Disclosures

The parties have stipulated that all Rule 26(a)(1) initial disclosures shall be exchanged on or before August 5, 2022.

### 2. Stipulated Protective Order

The parties are currently negotiating a stipulated protective order.

## K. DISCOVERY PLAN

The parties propose the following discovery:

### 1. Changes to Disclosures Under Rule 26(a)

The parties have stipulated that all Rule 26(a)(1) initial disclosures shall be exchanged on or before August 5, 2022.

Based on the assumption that both disclosures and discovery will proceed smoothly under the regular federal rules, the parties do not foresee that any additional changes to the disclosures required by Rule 26(a) need be made.

**2. Scope and Subjects of Discovery**

    **a.**   *Plaintiff's subjects on which discovery may be needed:*

Without prejudice to its rights to seek discovery on any relevant issues, Onscreen contemplates it will need to seek discovery concerning: the operation, design and motivation for the design of Volvo's infringing products; Volvo's advertising, marketing and sales of the infringing products; when Volvo first became aware of Onscreen's patents; and Volvo's sales, revenues and profits on its infringing products.

    **b.**   *Defendant's subjects on which discovery may be needed:*

Without prejudice to its rights to seek discovery on any relevant issues, Volvo anticipates conducting discovery regarding, among other matters, the following: the validity, scope, and enforceability of Onscreen's asserted patents; prior assertions of Onscreen's asserted patents, including prior and currently pending litigations asserting the same; and any licenses of, or related to, Onscreen's asserted patents.

    **c.**   *Agreed Upon Method of Discovery*

The parties agree that the anticipated methods of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admission and Requests for Production of Documents; (2) the issuance of subpoenas to third parties; and (3) oral depositions of parties and witnesses.

**3. Discovery Phases and/or Changes In Discovery Limitations**

The parties do not request any changes in the discovery limitations set forth in the Federal Rules of Civil Procedure. Based on the assumption that discovery will proceed smoothly under the regular federal rules, the parties do not foresee a need for the Court enter any orders that discovery be conducted in phases, orders that applicable discovery limitations be changed, or other limitations imposed, or any other discovery related orders.

**4. Procedures for Resolving Disputes Regarding Claims of Privilege**

The parties agree to use the procedures set forth in Federal Rule of Civil Procedure, Rule 26(b)(5).

The parties also agree to waive the exchange of privilege logs.

**5. Production of Electronically Stored Information**

Disclosure or discovery of electronically stored information should be handled as follows:

    **a.** With the exception of emails, all electronic files are to be produced in their native format as kept in the ordinary course of business, along with, upon request, any program used to open those files.

    **b.** Metadata, to the extent it exists, shall be produced in its entirety and shall not be removed from any file prior to production.

    **c.** If any electronic file cannot reasonably be produced in its native format, all documents within that file are to be produced electronically in optical character recognized (also known as "OCR"-ed) portable document format (PDF).

    **d.** Notwithstanding the foregoing, any party may produce emails in .pdf form, subject to the receiving party's right to require the producing party to fully comply with the native format and metadata requirements set forth as Sections K(5)(c) and (d) above.

**L. DISCOVERY CUT-OFF**

The parties request the non-expert discovery cut-off be set for April 17, 2023.

The cut-off for propounding written discovery shall be March 15, 2023.

The cut-off for taking non-expert witness depositions shall be January 16, 2023.

The cut-off for taking depositions of expert witnesses shall be May 3, 2023.

## M. EXPERT DISCOVERY

The parties propose March 1, 2023, as the deadline for disclosure of the identities of expert witnesses that each party may use at trial to present evidence, and any written report from an expert witness required under Federal Rules of Civil Procedure, Rule 26(a)(2)(B). The identities of rebuttal expert witnesses and all expert reports will be exchanged by March 15, 2023. The depositions of expert witnesses shall be taken between April 1, 2023, and May 3, 2023.

The parties agree that any party who retains consulting and/or testifying expert(s) shall ensure that each expert shall be a signatory to any protective order(s) entered by the Court.

## N. SETTLEMENT CONFERENCE / ADR

The parties have had preliminary settlement discussions. As noted below, the parties agree they will participate in a private dispute resolution proceeding according to L.R. 16-15.4: ADR PROCEDURE NO. 3.

The parties request the deadline to complete the settlement conference under L.R. 16-15 be set for July 25, 2023.

## O. TRIAL ESTIMATE

The parties agree the trial will be by jury. The parties estimate trial will last between 4 to 5 days. Onscreen anticipates calling at least 5 witnesses. Volvo anticipates calling at least 5 witnesses.

## P. TRIAL COUNSEL

Trial counsel for Onscreen is expected to be Timothy Devlin and Patrick R. Delaney.

Trial counsel for Volvo is expected to be Lewis E. Hudnell, III, B. Todd Patterson, John A. Yates, Kyrie K. Cameron, and Edgar N. Gonzalez.

**Q.    INDEPENDENT EXPERT OR MASTER**

Based on the subject matter of this action and the assumption that discovery and other proceedings in this case will run smoothly under the regular federal rules, the parties do not anticipate a need for the Court to appoint a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

**R.    SCHEDULE WORKSHEET AND SUGGESTED DEADLINES**

**1.    Final Motion Cut-off**

The parties request the last day to hear motions according to the Court's worksheet be set for Monday, July 3, 2023; Rule 56 motions due seven weeks prior, on May 15, 2023; Oppositions due 2 weeks after any Rule 56 motions are filed and Replies are due 1 week after any oppositions are filed.

**2.    Final Pre-Trial Conference**

The parties request the Final Pre-Trial Conference be set for October 2, 2023.

All pre-trial disclosures must be served prior to the Final Pre-Trial Conference.

**3.    Date for Trial**

The parties request trial be scheduled on or after Tuesday, October 24, 2023.

**4.    Preliminary Infringement Contentions**

The parties suggest a deadline for preliminary infringement contentions be served by August 12, 2022.

Plaintiff shall serve preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (i.e., the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit.

The parties consent to amending preliminary infringement contentions and preliminary invalidity contentions, and request permission to do so without leave of Court, so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

**5.     Last Date to Hear Motion to Amend Pleadings/Add Parties**

The parties suggest as a deadline, Monday, October 31, 2022, as the last date to hear any Motion to Amend Pleadings/Add Parties.

**6.     Preliminary Invalidity Contentions**

The parties suggest as a deadline for preliminary invalidity contentions be served by October 7, 2022 (eight weeks after the due date for serving preliminary infringement contentions).

Defendant shall serve preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the two years preceding the filing of the Complaint, unless the parties agree to some other timeframe.

As set forth above, the parties consent to amending preliminary infringement contentions and preliminary invalidity contentions, and request permission to do so without leave of Court, so long as counsel certifies that it undertook reasonable

efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

### 7. Markman Hearing & Claim Construction

The parties respectfully request that the Court set a date for a half-day long Markman Hearing on Tuesday, February 14, 2023, or earlier near to this date, at the Court's convenience. The parties agree to enter a proposed stipulated schedule for suggested claim construction deadlines once the Court determines its best available date for the Markman hearing.

## S. OTHER ISSUES

### 1. Evidence Preservation

All parties confirm that they have undertaken all reasonable and necessary steps to preserve evidence relevant to the issues reasonably evident in this action.

### 2. Proposals concerning severance, bifurcation, or ordering of proof:

At this early stage of the proceedings, the parties do not presently see a benefit to ordering a severance, bifurcation, or ordering of proof, but reserve the right to do as the need arises.

Dated: July 18, 2022

Respectfully submitted,

*/s/ Alex Chan*
Alex Chan (SBN 278805)
achan@devlinlawfirm.com
DEVLIN LAW FIRM LLC
16219 Flamstead Drive
Hacienda Heights, CA 91745
Telephone: (302) 449-9010

Patrick R. Delaney (*pro hac vice*)
pdelaney@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

David M. Newman (SBN 246351)
THE INTERNET LAW GROUP
9100 Wilshire Boulevard, Suite 725 E
Beverly Hills, California 90212
Telephone: (310) 910-1496
Facsimile: (310) 356-3257

*Attorneys for Plaintiff*
ONSCREEN DYNAMICS, LLC

*/s/ B. Todd Patterson*
Lewis E. Hudnell, III (CASBN 218736)
HUDNELL LAW GROUP P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
Telephone: 650.564.7720
Facsimile: 347.772.3034
Email: lewis@hudnelllaw.com

John A. Yates (*pro hac vice*)
jyates@pattersonsheridan.com
B. Todd Patterson (*pro hac vice*)
tpatterson@pattersonsheridan.com
Kyrie K. Cameron (*pro hac vice*)
kcameron@pattersonsheridan.com
Edgar N. Gonzalez (*pro hac vice*)
egonzalez@pattersonsheridan.com
PATTERSON + SHERIDAN LLP
24 Greenway Plaza, Suite 1600
Houston, Texas 77030
Telephone: 713-623-4844
Fax: 713-623-4846

*Attorneys for Defendant*
VOLVO CAR USA, LLC